IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BETTINA BRUCK, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

GOLDEN RIDGE INSURANCE AGENCY LLC,

    *Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Bettina Bruck ("Plaintiff") by her undersigned counsel, for this class action complaint against Mutual of Golden Ridge Insurance Agency LLC ("Golden Ridge Insurance") and alleges as follows:

**I. INTRODUCTION**

1. <u>Nature of Action</u>. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Golden Ridge Insurance for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Golden Ridge Insurance, who engaged in automated telemarketing in violation of the TCPA that were sent to numbers on the National Do Not Call Registry.

2. The Plaintiff also alleges that Golden Ridge Insurance uses automated systems to make telemarketing calls from Florida, and that by doing so, Golden Ridge Insurance violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

3. The recipients of Golden Ridge Insurance illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA and FTSA, and because the

technology used by Golden Ridge Insurance makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

5. Plaintiff is an individual.

6. Defendant Golden Ridge Insurance Agency LLC is a limited liability company based in this District.

## III. JURISDICTION AND VENUE

7. <u>Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claim arise under the laws of the United States, specifically, 47 U.S.C. § 227. The Court has supplemental jurisdiction over the state law claims because the claims relate to the same calling conduct.

8. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Golden Ridge Insurance because Golden Ridge Insurance is located in this District.

9. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## IV.  BACKGROUND

The National Do Not Call Registry

10. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

The Florida Telephone Solicitations Act

13. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

14. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

15. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

16. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## V.  FACTUAL ALLEGATIONS

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Calls to Plaintiff**

18. Plaintiff's telephone number, 407-XXX-1304, is a residential number.

19. That same number is also registered on the National Do Not Call Registry and has been since April of 2005.

20. Despite this, the Plaintiff received telemarketing calls from Golden Ridge or its telemarketer on October 4 (twice) and October 5 (twice), 2023.

21. The caller used a script for each call.

22. They stated that they were calling on behalf of Mutual of Omaha.

23. The caller stated that they were offering supplemental Medicare insurance.

24. The Plaintiff asked to be removed from the calling list.

25. Yer, she received the subsequent calls.

26. Each call that was answered started with a click, pause and a delay prior to any individual from the Defendant getting on the line.

27. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

28. As such, the calls were made with an automated system for the selection and dialing of telephone numbers.

CLASS ACTION COMPLAINT
-4-

29. The Plaintiff did not provide her prior express written consent to Defendant to receive the calls.

30. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

31. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of Class (the "Classes") defined as follows:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021 through the date of trial.
>
> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of either Defendant (3) within a 12-month period (4) from four years prior to filing through the date of trial.

32. <u>Numerosity</u>. The Classes are so numerous that joinder of all its members is impracticable. On information and belief and on the basis of the *en masse* calling practices at issue, the Classes have at least hundreds of members.

33. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

CLASS ACTION COMPLAINT
-5-

    a. Whether the Defendant purchased batches of leads of prospects who had not consented to be called by it;

    b. Whether the Defendant's conduct was willful or knowing such that damages should be trebled.

34. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Classes.  Plaintiff's claims and those of the Classes arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

35. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiff nor her counsel has interests contrary to or conflicting with those of the proposed Classes.

36. <u>Predominance</u>. Defendant have engaged in a common course of conduct toward Plaintiff and members of the Classes.  The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues.  For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

37. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present

significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

38. <u>Injunctive and Declaratory Relief is Appropriate</u>. Defendant have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

**COUNT I**
**Violation of the Florida Telephone Solicitation Act,**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class)**

39. Plaintiff repeats and incorporates the allegations from paragraphs 1-38 as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

41. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

42. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

43. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

44. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

45. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

46. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

### COUNT III
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Telephone Consumer Protection Act Do Not Call Registry Class)

47. Plaintiff repeats and incorporates the allegations from paragraphs 1-38 as if fully set forth herein.

48. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

49. The Defendant's violations were negligent, willful, or knowing.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

51.  Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.  That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.  Such other relief as the Court deems just and proper.

**VII.  DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

Dated: March 27, 2025.

PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

CLASS ACTION COMPLAINT
-10-